UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-cv-6949 |
| THOMAS DART, Sheriff of Cook County, and | ) |
| | ) Judge John W. Darrah |
| COOK COUNTY, Illinois, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Louis Childress filed suit against Thomas Dart, the Sheriff of Cook County, Illinois, and Cook County, Illinois, alleging five counts: (I) employment discrimination on the basis of race; (II) a violation of the Americans with Disabilities Act ("ADA"); (III) a violation of the Family Medical Leave Act ("FMLA"); (IV) unlawful retaliation; and (V) indemnification against Cook County. Defendants move to dismiss the Complaint, arguing Childress failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants further argue Childress's Complaint should be dismissed under the arguments of *res judicata* and the statute of limitations. The Motion has been fully briefed. For the reasons provided below, Defendants' Motion is granted.

## BACKGROUND

The following facts are based on the Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). A district court "may also take judicial notice of matters of public

record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (quotations and citations omitted).

Childress is a Deputy Sheriff, employed by the Cook County Sheriff's Department; Childress serves as a corrections officer in the Cook County Jail. (Compl. ¶ 3.) Plaintiff is a black male and has sleep apnea, arthritis, fibromyalgia "and other disabling conditions." (Compl. ¶¶ 4, 6.) Childress's physician determined in 2007[1] that Childress should have a first floor assignment, in order to relieve the strain Childress endures when he ascends staircases. (*Id.* ¶ 7.) Rosemarie Nolan, a director of personnel for Defendants, advised Childress he must convince his physician to remove this restriction, or Childress would not be permitted to work for Defendants. (*Id.* ¶ 8.) Childress was denied accommodation, though similarly situated white individuals have been offered restricted assignments to accommodate their conditions. (*Id.* ¶ 9.)

Childress filed a charge with the Illinois Department of Human Rights ("IDHR") and also filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 19.) The IDHR issued a Notice of Dismissal for Failure to Proceed. (Def.'s Mot. Ex. D.) In this Notice, the IDHR indicated that on August 9, 2011, Childress and his attorney, Michael J. Greco, would attend a fact-finding conference on October 11, 2011, at 11:00 a.m., and notice of this conference was sent to Childress. (*Id.*) However, neither Childress nor Greco attended the fact-finding conference on October 11, 2011. (*Id.*) Greco contacted the IDHR thereafter and "stated that he did not have it down for that date and that he had trial on that date. Greco offered no further explanation for either his or [Childress's] non-attendance." (*Id.*) The EEOC issued a Right-to-

---

[1] Other than identifying 2007 as the year in which this determination was made by Childress's doctor, the facts alleged by Childress are virtually devoid of any dates that might place the timing or sequences of the purported events.

2

Sue Letter to Childress on May 30, 2012. (Compl. ¶ 20.) The EEOC noted that it had "adopted the findings of the state or local fair employment practices agency that investigated this charge." (*Id.* Ex. 1.)

Childress further alleges that by failing to provide him with reasonable accommodations for his disabilities, Defendants violated the ADA. (*Id.* ¶¶ 41-46.) Childress also claims that Defendants' personnel have visited his home when he takes authorized medical leave, in violation of the FMLA. (*Id.* ¶¶ 67-69.) Childress further seeks to indemnify Cook County, Illinois, for any liability or judgment entered against Defendant Dart. (*Id.* ¶¶ 112-114.)

In Count IV of the Complaint, Childress asserts he has been discriminated against and retaliated against for filing a previous complaint against the same Defendants. (*Id.* ¶¶ 90-91.)

This allegation, however, ignores a great deal of background information that is pertinent to the analysis below. On May 14, 2008, Childress, in conjunction with eleven other plaintiffs, all represented by Greco, filed a Complaint against Dart, Cook County, and other defendants. *See Ammons v. Cook County*, No. 08-cv-02779, Dkt. No. 1 (N.D. Ill. May 14, 2008). Then, after missing deadlines and requesting four extensions of time, Childress was given leave by Judge Castillo, the district court judge assigned to the *Ammons* case, to file a separate lawsuit by October 8, 2009. *Ammons v. Cook County*, No. 08-cv-02779, Dkt. No. 40 (N.D. Ill. Sept. 8, 2009). Childress filed this separate lawsuit on October 8, 2009, and it was assigned to Judge Der-Yeghiayan. *Childress v. Dart*, Case No. 09-cv-06332, Dkt. No. 1 (N.D. Ill. October 8, 2009) (*Childress I*).

On February 3, 2010, Defendants in *Childress I* presented their motion to dismiss the complaint; Greco failed to appear at the motion hearing on behalf of Childress and was warned that failure to appear at a noticed status hearing "may result in a dismissal of the action pursuant

to Local Rule 41.1." *Childress I*, Case No. 09-cv-06332, Dkt. No. 10 (N.D. Ill. February 3, 2010). On March 18, 2010, Judge Der-Yeghiayan terminated the case after Greco failed to appear on behalf of Childress's noticed motion for leave to amend the complaint; Judge Der-Yeghiayan noted Childress also failed to timely respond to Defendants' motion to dismiss. *Id.* at Dkt. No. 13.

Childress filed a motion to reinstate the case and for leave to file an amended complaint on March 28, 2010; there, Judge Der-Yeghiayan denied the motion, but gave Childress leave to renew his motion to reinstate the case, provided Childress include a "sufficient explanation for Childress' failure to respond to Defendants' motion to dismiss or file his motion to amend the complaint . . ." in a timely manner. *Id.* at Dkt. No. 16. Childress's amended motion to reinstate the case was denied. Judge Der-Yeghiayan explained, in detail, the procedural posture of Childress's previously filed complaint:

> Childress has not exercised due diligence in the prosecution of his case since the very beginning. Childress initially filed this action (as Case No. 08 C 2779) in May 2008 . . . . In September 2008, [Judge Castillo] severed Childress' case from those of his co-plaintiffs, and dismissed Childress' complaint without prejudice. At that time, Childress was given until October 28, 2008, to file an individual complaint. Childress failed to file his individual complaint by the deadline given, and six months later, on March 20, 2009, Childress filed an amended complaint under the original case number that did not comport with [Judge Castillo's] September 2008 order. Therefore, on April 1, 2009, Childress' amended complaint was dismissed without prejudice, and Childress was given thirty days in which to file an individual complaint consistent with the judge's earlier order.
>
> Childress failed to file an individual complaint within the thirty days given, and instead, on May 1, 2009, Childress filed a motion for an extension of time to file his individual complaint. Childress' motion was granted, making Childress' deadline to file his individual complaint May 15, 2009. On May 15, 2009, Childress filed a second motion for an extension of time. Childress' second motion was also granted, making Childress' new deadline to file his individual complaint May 29, 2009. On May 29, 2009, Childress filed a third motion for an extension of time, which was again granted, making Childress' deadline to file his individual complaint June 12, 2009. In each motion for an extension, Childress'

4

> attorney represented that he had been working on other cases or had not had time to prepare the individual complaint, while at the same time arguing that his motion should be granted because preparing the individual complaint would only require him to break out in separate counts the allegations and cause of action already asserted in the original complaint he filed.
>
> In spite of the extensions Childress was granted, June 12, 2009 came and went with no filing by Childress. On September 8, 2009, nearly three months after the deadline had passed, Childress filed a motion for leave to file his individual complaint. Despite Childress' flagrant violations of earlier-set deadlines, [Judge Castillo] granted Childress' motion and gave Childress until October 8, 2009, to file his individual complaint. On October 8, 2009, Childress filed his individual complaint, and the case was assigned to this court.

*Id.* at Dkt. No. 22.[2] Judge Der-Yeghiayan denied Childress's amended motion to reinstate the case and entered judgment in favor of Defendants on May 3, 2010.

Now, Childress, again represented by Greco, filed a new complaint that is, in many ways, virtually identical to the complaint dismissed by Judge Der-Yeghiayan on May 3, 2010. (Compl. ¶¶ 1-4, 6-12, 14-16; *Childress I* at Dkt. No. 1.) Defendants move to dismiss Childress's new complaint for failure to state a claim upon which relief may be granted, and Defendants also raise arguments of dismissal under the theory of *res judicata*, failure to exhaust administrative remedies, and statute of limitations.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief

---

[2] The Seventh Circuit has also taken note of Attorney Greco's conduct in the cases filed by Childress's former co-plaintiffs, describing his work, particularly his failure to follow rules of procedure, as "calamitous" and "sloppy." *Lee v. Cook County*, 635 F.3d 969, 973 (7th Cir. 2011). In its reprimand of Greco, the Seventh Circuit stated, "[t]he events recounted in this opinion show that Greco is a menace to his clients and a scofflaw with respect to appellate procedure. The district court may wish to consider whether he should remain a member of its bar," and further ordered Greco to send copies of its opinion to his clients "so that they may consider whether to file malpractice suits against him." *Id.* at 974.

sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

A defendant may assert a statute of limitations defense in a Rule 12(b)(6) motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "Like a statute-of-limitations defense, res judicata may be brought in a Rule 12(b)(6) motion for

6

failure to state a claim . . . ." *Ennenga v. Starns*, 677 F.3d 766, 776 n.6 (7th Cir 2012) (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)).

## ANALYSIS

### *Res Judicata*

While it is not an affirmative defense identified in Rule 12(b), *res judicata* may be properly raised in a Rule 12(b)(6) motion under the principle that a plaintiff may plead herself out of court. *Muhammad*, 547 F.3d at 878. The doctrine of *res judicata* is applicable where there is "(1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga*, 677 F.3d at 776.

*Res judicata* is applicable in this case. Judgment was entered in *Childress I* on May 3, 2010, and judgment is final where it terminates the litigation and leaves nothing to be decided by a district court. *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1216 (7th Cir. 1990) (citations omitted). The parties named here are the same as those named in *Childress I*.[3]

The component of *res judicata* in dispute is the identity of the causes of action. (Pl.'s Resp. ¶ 6.) A cause of action is the "core of operative facts which give rise to a remedy." *Bernstein v. Bankert*, 702 F.3d 964, 995 (7th Cir. 2012) (citations and quotations omitted). "Accordingly, the test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Bernstein*, 702 F.3d at 995 (citations and quotations omitted). "Even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.* (citations and quotations omitted).

---

[3] Cook County Department of Corrections was initially named by Childress in *Childress I*, but he voluntarily dismissed that party on December 9, 2009. *Childress I* at Dkt. No. 6.

In the instant case, Childress's Complaint asserts claims which arise out of the same set of facts previously alleged in *Childress I*. Childress's Complaint here asserts many of the same factual allegations that were previously stated in *Childress I*. (*See* Compl. ¶¶ 1-4, 6-12, 14-16; *Childress I* at Dkt. No. 1.) In this Complaint, Childress has tacked on claims for disability discrimination, violation of FMLA, and retaliation. However, the mere fact that Childress is asserting claims under new legal theories is insufficient to avoid identity of the causes of action, as the core operative facts are nearly identical in the two complaints. *See Bernstein*, 702 F.3d at 995 (citations and quotations omitted). Accordingly, Childress's Complaint is dismissed with prejudice as his claims are barred by *res judicata*.

*Failure to State a Claim*

Even if *res judicata* was not applicable in this case, Childress's Complaint would be dismissed for failure to state a claim upon which relief may be granted. Beyond simply repeating the claims first brought by Childress years ago, Childress provides virtually no information regarding the dates of the facts underlying the claims. While Childress is not required to plead with particularity, excluding any dates relating to the events described serves to make this complaint nearly indistinguishable from the complaint filed in *Childress I*.

Moreover, Childress fails to state facts which would raise his claims beyond the speculative level. In Count III of the Complaint, Childress asserts a violation of the FMLA but fails to assert even basic information regarding his "authorized" right to take leave under the FMLA. In Count IV, Childress seeks to fold all of the previous allegations of discrimination and harassment into a retaliation claim, alleging "Dart's unlawful discrimination and harassment as set forth hereinabove constitute unlawful retaliation against Plaintiff . . . ." (Compl. ¶ 91.) It is impossible to determine, on the sparse facts alleged, what acts by Defendants would constitute

retaliation, separate from the discrimination and harassment alleged. To survive a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555 (citations omitted). The facts alleged in Childress's Complaint, besides being repetitious of the complaint in *Childress I*, are conclusory and fail to support a claim by Childress that he is entitled to relief.

## CONCLUSION

Childress initiated his first action against Defendants more than five years ago. Despite being given ample opportunity to pursue his claims, they were dismissed by the *Childress I* court, which held "Defendants would be severely prejudiced" if Childress was permitted to reopen his case after his attorney, Michael J. Greco, failed to appear and failed to meet several deadlines. *Childress I*, Dkt. No. 22. Nearly two and a half years later, Childress filed a new Complaint, which essentially recycled allegations from the dismissed complaint (containing 12 paragraphs identical to the dismissed complaint) and added a few vague statements in an effort to paint Childress's claims as new, or at least continuous. Childress's poorly drafted Complaint demonstrates Greco's continued lack of diligence.

For these reasons and the analysis set forth above, Defendants' Motion to Dismiss is granted; Childress's claims are barred by *res judicata* and dismissed with prejudice.

Date: June 19, 2013

JOHN W. DARRAH
United States District Court Judge

9